United States District Court
Southern District of Texas
**ENTERED**
July 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMA BERRY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-4598 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Three motions are pending before the court: (1) the individual defendants' motion to dismiss, (Docket Entry No. 19); (2) the municipal defendant's motion to dismiss, (Docket Entry No. 25); and (3) Emma Berry's motion for leave to file a second amended complaint, (Docket Entry No. 30). The individual defendants' motion to dismiss is denied as moot. The municipal defendant's motion to dismiss is granted in part and denied in part. Berry's motion for leave to file a second amended complaint is granted in part and denied in part. The reasons are set out below.

**I.    Background**

Emma Berry was a temporary employee for the City of Houston Health Department, hired during COVID under federal grant money issued during the pandemic. (Docket Entry No. 31 at ¶¶ 2, 9). She worked from July 20, 2020, until February 16, 2023, when she was terminated. (*Id.* at ¶ 2). She alleges that other employees, including defendants Zaida Janet Ikpeme and Paula Johnson, her supervisors, harassed her and then terminated her employment based on her "Egyptian Origin and Muslim Origin." (*Id.* at ¶ 2). Her allegations of harassment are that she was

asked if she believed in Jesus and whether everyone in Egypt was Muslim; she was asked her parents' and siblings names; she was asked about her finances and to provide a copy of her driver's license when other employees did not have to do so; she had some of her work input deleted on two occasions, once by Ikpeme "by mistake," and a second time; she was told that her employment was temporary and "yelled at" when she emailed a supervisor about this conversation; most of her coworkers, who were African American were promoted, but she was not; she applied for other jobs, received two interviews, but was not hired; and she was not selected for extra work during the holidays or periods of extreme cold weather.  She alleges that she was "followed and harassed" by employees in the garage and at her cubicle.  Berry attempted to document the "daily harass[ment]" she alleges "by taking pictures of the offenders."  (*Id.* at ¶ 25).  The "offenders" were other employees who Berry alleged followed her in the parking garage.  Berry complained internally, and, in August 2022, filed complaints with the Office of Inspector General and Equal Employment Opportunity Commission.  (*Id.* at ¶¶ 27–28).  The defendants assert that the employees who Berry followed and photographed complained about her behavior, and she refused to stop.  The Houston Health Department terminated Berry's employment in February 2023.  (*Id.* at ¶ 29; Docket Entry No. 20 at 7).  The defendants assert that she was terminated as a result of her refusal to stop photographing other employees. (Docket Entry No. 35).

In December 2023, Berry sued the City of Houston, Ikpeme, and Johnson.  (Docket Entry No. 1).  She alleges religion and national original discrimination, as well as unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Docket Entry No. 20 at 3).  She also alleges violations of her rights under the First Amendment to the United States Constitution.  (*Id.*).

In April 2024, Ikpeme and Johnson (the "individual defendants") moved to dismiss Berry's claims under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 19). Berry amended her complaint and responded in opposition. (Docket Entry Nos. 20, 21). The City and individual defendants then filed a motion to partially dismiss the first amended complaint, arguing that: (1) relief under Title VII is unavailable as to the individual defendants; (2) Berry has not alleged the essential elements of a First Amendment retaliation claim; and (3) the individual defendants have qualified immunity. (Docket Entry No. 25). The motion to dismiss incorporates the arguments from the individual defendant's previous motion to dismiss. (*Id.* at 2). Berry responded to the motion to dismiss, and also moved for leave to file a second amended complaint. (Docket Entry Nos. 28, 30). The defendants have filed a response in opposition to the motion for leave. (Docket Entry No. 35).

The individual defendants' motion to dismiss is denied as moot. (Docket Entry No. 19). The later motion to dismiss is granted in part and denied in part. (Docket Entry No. 25). Berry's motion for leave to amend is granted. (Docket Entry No. 30). The reasons are set out below.

**II.    The Legal Standards**

**A.    Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Documents filed *pro se* are "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." *Id.*

**B.     Qualified Immunity**

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The doctrine is meant to give officers "breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (quoting reference omitted).

Determining whether qualified immunity applies requires two inquiries.  The first is whether the officer violated a constitutional right.  *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019).  The second is whether the right was clearly established at the time the officer acted.  *Id.*  The court can decide "one question or both."  *Id.*

A right can be clearly established without "a case directly on point." *Collie v. Barron*, 747 Fed. App'x. 950, 954 (5th Cir. 2018) (unpublished) (per curiam) (quoting *Kisela v. Hughes*, 584 U.S. 100, 138 S. Ct. 1148, 1152 (2018)).  A prior case involving "materially similar" facts is not even required.  *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).  Instead, the question is whether prior decisions "gave reasonable warning" that the defendant's conduct violated constitutional rights.  *Id.* at 740.  In rare cases, reasonable warning may come from "a general constitutional rule" previously identified when the rule "appl[ies] with obvious clarity to the specific conduct in question, even though the very action in question has not previously been held unlawful." *Id.* at 741 (quotation marks and quoting reference omitted) (alteration adopted); *see also D.C. v. Wesby*, 583 U.S. 48, 64 (2018).

### C. Rule 15

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, a party may amend only "with the opposing party's written consent or the court's leave." *Id.* Although a court "should freely give leave when justice so requires," FED. R. CIV. P. 15(a), leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996). Amendment is futile when the amended complaint would fail to state a claim upon which relief could be granted or would otherwise be subject to dismissal. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016), *cert. denied sub nom. Legate v. Collier*, 137 S.Ct. 489, 196 L.Ed.2d 389 (2016), *reh'g denied*, 137 S.Ct. 1139, 197 L.Ed.2d 239 (2017); *Daniels v. Corr. Corp*, 47 F.3d 426 (5th Cir. 1995).

### III. Analysis

#### A. The Motion to Dismiss

##### 1. The Title VII Claims Against the Individual Defendants

Relief under Title VII is available against "employers," or their agents "when delegated the employer's traditional rights, such as hiring and firing." *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990); *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003). However, an action may not be maintained "against both an employer and its agent under Title VII." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). "Congress's purpose in extending

6

the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate respondeat superior liability into Title VII.  Thus, a Title VII suit against an employee is actually a suit against the corporation." *Id.* (citation omitted).

To the extent Berry asserts Title VII claims against both the City and the individual defendants, whether in their individual capacities or official capacities as agents of the City, the claims against the individual defendants are dismissed, with prejudice.  *See id.*

### 2. The First Amendment Claim

To state a First Amendment retaliation claim, a public employee must plead facts that show that: "(1) she suffered an adverse employment action; (2) her speech involved a matter of public concern; (3) her interest in commenting on matters of public concern outweighs the employer's interest in promoting efficiency; and (4) her speech motivated the employer's adverse action." *McLin v. Twenty-First Judicial Dist.*, 79 F.4th 411, 419 (5th Cir. 2023) (quoting reference omitted).  The defendants argue that Berry has failed to allege that she engaged in speech involving a matter of public concern or that her interest in engaging in that speech outweighed the City's interest in "promoting efficiency and harmony at work."  (Docket Entry No. 25 at 6).

The court is not persuaded that Berry has failed to state a First Amendment retaliation claim.  Construing Berry's *pro se* complaint liberally, as the law requires, she alleges that she photographed other City employees to "document" their daily patterns of religion and national origin- based harassment.  Berry's photographs implicate the First Amendment.  *Cf. Nat'l Press Photographers Ass'n v. McCraw*, 90 F.4th 770, 789 (5th Cir. 2024) (in *Turner v. Lieutenant Driver*, "we reasoned that the underlying principles of the First Amendment counseled us to safeguard the right of the people to hold government officials accountable—filming them in the

course of their duties being one way to do that"). Whether City officials are violating federal anti-discrimination laws is a matter of public concern that outweighs the City's efficiency interests.

### 3. Qualified Immunity

Finally, the defendants argue that Berry's First Amendment retaliation claim against the individual defendants should be dismissed on the basis of qualified immunity. (Docket Entry No. 25 at 7). The defendants argue that Berry's first amended and proposed second amended complaint "fail[] to allege that either Ikpeme or Johnson had fair warning that any of their conduct violated a clearly established First Amendment right of Berry." (*Id.*; Docket Entry Nos. 28, 35).

The "crucial question" when qualified immunity is raised in a motion to dismiss "is whether the complaint pleads facts that, if true, would permit the inference that Defendants are liable under § 1983, and would overcome their qualified immunity defense." *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023) (quoting reference omitted) (alteration adopted). The court is unpersuaded by the defendants' argument that Berry has not pleaded facts in the first amended complaint that overcome qualified immunity. Berry has alleged facts that, if proven, could permit the inference that Ikpeme and Johnson terminated her employment because of her national origin or religion, (Docket Entry No. 20 at 7), which is a clearly established violation of federal law. *See Perez v. City of Austin*, No. A-07-CA-044 AWA, 2008 WL 11334097, at *6 (W.D. Tex. Sept. 2, 2008); *Ridha v. Tex. A & M Univ. Sys.*, No. CIV.A. 4:08-CV-2814, 2009 WL 1406355, at *6 (S.D. Tex. May 15, 2009).

### B. The Motion for Leave to Amend

Berry articulates three reasons for seeking leave to amend: (1) to present her complaint in standard format instead of a *pro se* form complaint; (2) to allege facts showing that her Title VII claim falls within the limitations period; and (3) to "more thoroughly demonstrate the Defendants

[*sic*] unlawful employment practices." (Docket Entry No. 30 at 1). The defendants oppose Berry's motion for leave on the ground that amendment would be futile because, except for her Title VII claims against the City, Berry fails to state a claim upon which relief could be granted.

The court has already rejected the defendants' First Amendment and qualified immunity pleading challenges. Amendment would not be futile except with respect to the Title VII claims against the individual defendants. And the defendants have not argued that any other factors—such as delay, bad faith, or prejudice—counsel against amendment.

Berry's motion for leave to file a second amended complaint is granted. (Docket Entry No. 30). Berry's second amended complaint, filed May 29, 2024, is deemed her operative complaint.

## IV. Conclusion

The motion to dismiss is granted in part and denied in part. (Docket Entry No. 25). Berry's Title VII claims against the individual defendants are dismissed with prejudice. Berry's motion for leave to amend is granted. (Docket Entry No. 30).

SIGNED on July 2, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge